ALBERT CLAMPETT v. THE STATE.

No. 1711. Decided April 24, 1912.

Rehearing Denied May 15, 1912.

**Murder—Charge of Court—Self-Defense.**

Where upon trial of murder, the evidence showed that defendant armed himself for the purpose of killing deceased; that he went to where deceased was who walked away from him; that defendant without saying a word fired at him, striking him in the rear part of the left shoulder and killing him, there was no error in the court's failure to charge the jury on self-defense. Distinguishing Shannon v. State, 35 Texas Crim. Rep., 2, and other cases.

Appeal from the District Court of Hardin.    Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Buchanan & Stone* and *Mathis & Teague,* for appellant.—On question of the court's failure to charge on self-defense:    Cartwright v. State, 14 Texas Crim. App., 486; Patillo v. State, 22 id., 586; Meuly v. State, 26 id., 274; Phipps v. State, 34 Texas Crim. Rep., 560; Mundine v. State, 37 id., 5; Gant v. State, 55 Texas Crim. Rep., 284, 116 S. W. Rep., 801; Pratt v. State, 50 Texas Crim. Rep., 227, 96 S. W. Rep., 8; Lundy v. State, 59 Texas Crim. Rep., 131, 127 S. W. Rep., 1032; Ballard v. State, 62 Texas Crim. Rep., 435, 138 S. W. Rep., 120.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter, and allotted a term of two years in the penitentiary.

Appellant and the deceased, Tom Williams, were shown to have been warm, personal friends up to the time of the killing.  Within a couple of hours of the homicide appellant had loaned deceased his horse to ride to the depot.  The horse had been returned about 12 o'clock.  Appellant rode the horse home, had dinner, and laid down for a little rest after eating.  Upon lying down his wife called his attention to the fact that deceased Williams had been writing letters to appellant's orphan sister, whom he had practically raised and supported.  The letter is incorporated in the record, and was of an amorous nature, seeking to induce the girl to run away with him and indicating that they were carrying on a clandestine correspondence.  The girl, not being at home, but on a visit around the town somewhere, appellant went to see her.  She admitted the correspondence and stated she had declined to accede to any proposition on the part of the deceased.  We deem it unnecessary to go into a detailed statement of the contents of the letter and incidental matters of that sort, as that phase of the law was fully and correctly submitted by the court to the jury on the theory of manslaughter, and appellant given the lowest possible punishment.

Appellant, immediately upon receiving the information by his wife and his sister and that ascertained from the letter, prepared himself with a shotgun, rode down to deceased's barbershop, hitched his horse across the street from it, and went in the direction of the barbershop where deceased was standing in the door.  Deceased saw him coming, and, whether because of the fact he was coming towards him, or for some other reason, turned from the door and went

towards the rear end of the barbershop. Appellant fired one shot, striking him in the left shoulder and diagonally from the rear several buckshot went into the body and lodged in the skin in front of deceased's body, killing him. Deceased lived a few minutes and died.

Appellant further testified that as soon as he ascertained the condition of things he armed himself for the purpose of killing the deceased, and went to the barbershop to execute that purpose. That after he reached the scene of the tragedy, he changed his mind, and thought he would talk with the deceased about the matter, but he thought deceased, as he went towards the rear end of the barbershop, was going after a shotgun, which was situated in that part of the shop, and he immediately fired. There was nothing said by appellant to deceased, and these purposes on his part were lodged within his own consciousness and was not imparted to anyone. Appellant also testified that he thought he saw deceased reach for the shotgun; at least that was the impression on his mind when he fired.

Under this state of facts appellant insists, and the only insistence that he makes before this court, that the court should have submitted the law of self-defense. We can not agree with appellant's contention in this respect. Under the facts stated by appellant, he armed himself for the purpose of killing deceased for the reasons he did state. That he went to where deceased was for that purpose, and that as deceased walked away from him, without saying a word, he fired at him, striking him in the rear part of the left shoulder, killing him. If the deceased, putting it as strong as defendant could possibly claim it, was starting in the direction of his shotgun, believing that appellant was going to kill him, self-defense would not be in the case. We are of opinion that this record does not bring the case within the rule laid down in Shannon v. State, 35 Texas Crim. Rep., 2; nor within the rule laid down in Ball v. State, 29 Texas Crim. App., 107.

Believing the issue of self-defense was not in the case, and that being the only question presented, this judgment ought to be affirmed, and it is accordingly so ordered.

[Rehearing denied May 15, 1912.—Reporter.]

*Affirmed.*